## SMITH *v.* CRAIG.

Where an objection to a witness is taken at nisi prius, and a reason assigned, none other can be noticed on a writ of error, the facts of the case being known to the parties.

ERROR to the District Court of the city and county of Philadelphia.

*Jan.* 13, 14, 15.—Andrew Craig brought replevin for three hundred and fifty hogsheads of molasses and twenty-five hogsheads of rum, of the value of $9000. The pleas were non cepit, and property in defendant.

On the trial before Pettit, president, plaintiff produced H. Craig, who on his voir dire stated, that his firm had sold the property to plaintiff, which they had previously purchased from Smith, in payment for which certain notes were to be returned to Smith, which notes were endorsed by the firm

to plaintiff.   A deed was then read, dated January 9, 1840, assigning a debt due by Smith to witnesses' firm of $9099 63, and the notes for the same and all other securities, together with the rum and molasses. Also a release by plaintiff, dated May 11, 1840, to said firm, of all causes of action by reason of any affirmation or warranty, &c., arising out of said sale, and all defences to any action for the price.   Also a general release, January 11, 1844, to the same parties.   Defendant objected to the witness as incompetent, from liability on the endorsement of his firm, which was overruled and exception taken.   The sale by Smith was in payment of a debt on condition of the delivery of Smith's notes.   To enable witness to do this, he sold to his brother, the plaintiff, who took up Smith's notes, and made a tender and demand next day after the alleged sale, which being refused, this suit was commenced.   The two partners of this witness were subsequently examined without objection.   As the rest of the case is not noticed by this court, it is omitted here.

The only point argued here, which this court decided, was, whether the witness was competent, in which was considered the exception; and whether other reasons than those assigned below could be assigned here.

This case was argued at a former term, and now re-argued by *F. W. Hubbell*, for plaintiff.—On the incompetency of the witness premising the other evidence showed a transaction entirely different in its nature, and this witness, alone relied on to make out the essential facts in the cause, was the real party in interest—the machinery to convert him into a witness being the sale and releases.   It is a question of judicial policy whether such an arrangement will be permitted.   The late cases have removed the line separating us from the rest of the world, established in Steel *v*. Phenix; and the reasoning and language in these cases, Post *v*. Avery, 5 Watts & Serg., &c., is almost the same as in Bell *v*. Smith, 1 Dow. & Ry. 846—854, where a partner was not allowed to be witness in a suit on a policy in the name of the broker, the firm being the parties in interest, though he had released his interest. The succession of assignments, relied on there, appears here, and that case settles the policy of law, and extends far beyond parties to the record.

The doctrine of Steel *v*. Phenix, 3 Bin. 306, had been recognised in many cases, the courts saying the reasoning could not be refuted, though it failed to convince.   But in all these there were corroborative circumstances; when a case occurred, so glaring that the court in Post *v*. Avery vindicated the rule of common sense, followed by Lieper *v*. Pierce, 6 Watts & Serg., and Patterson *v*. Reed, 6 Watts & Serg. 144,

and established that an assignment, to make a witness out of a party in interest, could not avail. Such was the case here, for would the plaintiff have purchased a lawsuit without discount for any other purpose? Is he subject to the imputation of champerty, is the true ground of the rule, and that exists at common law. Thurston v. Percival, 1 Pick. 416 ; Key v. Vatere, 1 Hammond, 132. Smith having denied the bargain, it became a mere chose, and incapable of sale. He then proceeded to argue the witness was unsustained by other testimony. Though the ground of exception be incorrectly stated, it is immaterial, as the point taken was interest, though it appears in a different way from that taken.

*Cadwalader*, contra.—The question as to a witness is two-fold; is he a party to the record, if not, is he interested. If released, one not on the record may always sustain his own title. The cases of vendor with warranty released, or with special warranty, are uniformly recognised.

It does not depend on the time suit is brought, for the reality of the transfer is essential to the action, and for the jury ; the very point in issue. The distinction is between assignments of corporeal and incorporeal substances ; in the latter being a mere chose in action, suit must be brought in assignor's name. The cases show, though the line must be very narrow, this is the line ; and no one who at the time suit was brought was a part-owner of the substance, or on the record, can be a witness. Bell v. Smith, cited for plaintiff, to be found in 5 B. & C. 188 ; Gallagher v. Mulligan, 3 Penna. 178, support the first. But a party to the record stands alone on policy, without regard to interest, with few exceptions. Lofft's Gilbert, 243 ; Freer v. Evertson, 20 Johns. 143 ; Levy v. Burley, 2 Sum. 361, and in Hoke v. Head, 5 Watts, 81, 82, the common law is referred to as the rule. Scott v. Lloyd, 12 Pet. 145—149 ; Stein v. Bowman, 13 Pet. 219. Equitable owners are considered in the light of parties, 16 E. 143 ; De Bolie v. Insurance Company, 4 Whart. 74, which explains Bell v. Smith, for such a policy cannot be sued on without averment of interest in the party offered. McKinley v. Macgregor, 3 Whart. 199, which is restrained in Orphans' Court v. Woodburn, 7 Watts & Serg. 162, not to include one who had intermediately acquired and lost his interest. But one parting with his interest and not being liable for costs is always admitted. Lily v. Kitzmeller, 1 Yeates, 30 ; Brown v. Insurance Company, 4 Yeates, 192 ; Caskey v. Gibson, at N. P. before Burnside, J., which was a case of a bankrupt. Stacy v. Franklin, at N. P., Sergeant, J., case of a corporator ; also Smith v. Bank, 5 Serg. & Rawle, 319 ; Bank v. Green, 3 Watts, 374. So an alienor for the purpose of giving jurisdiction, where the court had to pass on the fact of conveyance, it being in equity.

1 Pet. 623—625; Smith v. Rutherford, 2 Serg. & Rawle, 358; Clea-vinger v. Reiner, 3 Watts & Serg. 486—490; Drexel v. Man, 6 Watts & Serg. 343; Miller v. Fitch, 7 Watts & Serg. 366, which are contemporaneous with Post v. Avery. Copeland v. Bosquet, 4 Watts C. C. Rep. 485. Can a legatee never be a witness? The true test in such cases is a willingness to give a release.

Is the exception before the court? That the party must be tied to the grounds of exception at nisi prius, was settled as early as Shower, P. C. It was ruled in Wolverton v. Commonwealth, 7 Serg. & Rawle, 276, 277; Drexel v. Man, 6 Watts & Serg. 343. Does not the record show a waiver? two witnesses in the same situation having been examined without objection. Had further objection been taken, we would have brought evidence to corroborate.

There is no exception to the charge; a party must, if required, specify or waive. 4 Pet. 80, 81; 15 Pet. 406. The court will not modify the points. Elliot v. Pearsol, 1 Pet. 338; Wolverton v. Commonwealth, antè. For form of bill, see 2 H. B. 288; 1 Scott N. R. 500. Also the reasoning in Drexel v. Man, 6 Watts & Serg. 336, of Stroud, J., in his return to mandamus. The cases last cited for plaintiffs were either error apparent on the record, or where the judge chose to allow the exception generally. On the 21st, the following references to bills of exceptions were given: Murray v. Leech, Bull. N. P. 312, 313, 318, 319. Allegations of counsel to show a party not within certain statutes. 4 Bin. 729—734. Reason for objecting to a witness. Plaintain v. Williams, 2 Adol. & Ell. 187, 188. When the objection is specific, the court will not look to any other. Hinds v. Hollingsworth, 11 Wheat. 200, 201; Taylor v. United States, S. C. United States, Dec. 1844, S. P.

*March,* 5. PER CURIAM.—As the cause has been compromised since it was spoken to, we express no opinion on any thing but the competency of the defendant below, to assign error in the reception of evidence on a ground different from that specified in the bill of exceptions; and we express our opinion on that, only to reassert the principle of Wolverton v. The Commonwealth, which, did it need any other authority than a solemn decision of this court, would be fully sustained by the precedents, both English and American, produced since the argument. We would not, therefore, have reversed the judgment, merely because Craig and Bellas were clearly incompetent, from having assigned their interest to the parties on the record, the specific ground of exception taken below being their supposed interest as endorsers. On no other ground could they have been supposed, at

the time of the trial, to be incompetent; for the principle of Steele *v.* The Phenix Insurance Company had not then, as it has since, been exploded. Nor could the counsel predict what was to come, else the exception would doubtless have been shaped to meet the event. The exceptions to the charge are possibly not free from difficulty; but as the cause is at an end, we do not give judgment for either party.